COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-04-513-CR

 

 

TIMOTHY PATRICK CORBETT                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.
Introduction








A jury convicted Appellant
Timothy Patrick Corbett of driving while intoxicated, and  the trial court fined him $1,000 and assessed
punishment at seventy-five days= confinement.  In three issues,
Corbett argues that the evidence was factually insufficient to support the
verdict and that the trial court erred by admitting evidence contained on a
videotape after Corbett had refused to waive his Miranda rights.  

II.
Factual Sufficiency

In his first issue, Corbett
argues that the evidence was factually insufficient to support the
verdict.  We disagree.








In reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment, weighing all of the evidence, the contrary evidence is so strong that
guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id. 
In performing a factual sufficiency review, we are to give deference to
the fact finder=s
determinations, including determinations involving the credibility and demeanor
of witnesses.  Id. at 481; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that
of the fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency must
include a discussion of the most important and relevant evidence that supports
the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).








A person commits the offense
of driving while intoxicated if he operates a vehicle while intoxicated in a
public place.  Tex. Penal Code Ann. ' 49.04(a) (Vernon 2003).  AIntoxicated@ is defined
as (A) not having the normal use of mental or physical faculties by reason of
the introduction of alcohol, a controlled
substance, a drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body or (B) having an alcohol
concentration of 0.08 or more.  Id.
' 49.01(2)(A)-(B).  A witness
does not have to be an expert to testify that a person he observes is
intoxicated by alcohol; therefore, lay opinion testimony by a police officer
that a person is intoxicated is probative evidence that a person was Adrunk.@  Henderson v. State, 29 S.W.3d 616, 622
(Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d).  

The following evidence was
presented at trial.  On March 23, 2002, a
motorist flagged down Detective D. Gray of the Benbrook Police  Department while he was in his patrol car.  The motorist told Gray that a black BMW sped
by him on the freeway and almost hit him and another vehicle.  He and his passenger believed that the person
driving may have been intoxicated, so they followed the BMW until they saw
Gray.  Gray then pursued the BMW and
pulled the driver over when he failed to signal on a left turn.  When Gray approached the vehicle, he noticed
that Corbett=s eyes were
heavy, watered, and bloodshot.  Corbett
explained that his eyes were heavy and watered because he had just come back
from a trip to Japan.  Gray also detected
a slight odor of alcohol coming from Corbett and noticed Corbett=s speech was slurred.  Gray
requested that Corbett perform the nine-step walk-and-turn test, but Corbett
refused to do so without his attorney present. 
As a result, Gray arrested Corbett for suspected DWI.  Officer William Beverly, a Benbrook police
officer who responded to the scene in order to assist Gray, also smelled
alcohol coming from Corbett. 








Following his arrest, Gray
transported Corbett to the city jail and placed him in a room with a video
camera to record his demeanor during the booking process.  While being videotaped, Gray advised Corbett
of his Miranda[2]
rights, and Corbett replied that he was not willing to waive them.  Gray advised Corbett that he needed to ask
him some medical questions.  Despite
Corbett=s refusal to waive his Miranda rights, Gray subsequently asked
Corbett whether he had consumed any alcoholic beverages.  Corbett replied that he had consumed three
drinks. 

On cross-examination, Gray
admitted that other than seeing Corbett swaying, he did not observe Corbett
acting drunk.  He also admitted that Corbett=s failure to signal a left turn was the only driving violation that he
observed.








Here, the evidence was
factually sufficient to support Corbett=s conviction.  While Corbett=s trip to Japan five days earlier may have explained some of his
physical maladies, it does not explain the odor of alcohol on his breath, his
refusal to submit to three different intoxication tests, or his admission that
he drank three beers before driving.[3]  Thus, viewing all the evidence in a neutral
light, favoring neither party, we conclude that the evidence supporting the
verdict, taken alone, is not too weak to support the finding of guilt beyond a
reasonable doubt and that the contrary evidence is not so strong that guilt
cannot be proven beyond a reasonable doubt. 
Dotson v. State, 146 S.W.3d 285, 295 (Tex. App.CFort Worth 2004, pet. ref=d).  We overrule Corbett=s first issue.

III.
Admission of the Videotape

In Corbett=s second and third issues, he argues that the trial court abused its
discretion by admitting the audio portion of his videotaped Miranda
waiver refusal and the audio portion of his responses to police questioning
after Corbett asserted his right to remain silent.  Specifically, he argues that the errors
violated his Fifth Amendment privilege against self-incrimination. 

The State initially sought to
introduce into evidence the portion of the

videotape that showed Gray giving Corbett a phone
book and an opportunity to call his attorney. 
When the State attempted to introduce that part of the tape into
evidence, the following exchange occurred:

[Prosecutor]: Okay.  At this
time I=d
like to offer into evidence State=s Exhibit 2.

 

[Defense Counsel]: Just to clarify, Officer, have you watched that
tape since you wrote information on there? Did you watch it --

 

[Detective Gray]: Today.

. . . . 

[Defense Counsel]: Okay.  And that=s the same tape?








[Detective Gray]: Yes, sir.
Yes, sir.

[Defense Counsel]: Okay.  Then we have no objection at this time.

[Trial Court]: State=s Exhibit 2 is admitted.

. . . .

[Prosecutor]: For judicial
economy, I=m going to
fast forward the tape, if that=s okay.

. . . .

[Prosecutor]: . . . . And can you tell the jury the part of the tape
that we=re
fast forwarding on?

 

[Detective Gray]: Basically the part of the tape that we=ve
gone -- fast forwarded through is standard booking procedures that the
department and State requires, in that some questions are medical questions that
I=m
required to ask simply for medical reasons, and going through that.

 

[Prosecutor]: And did you ask
the defendant --

[Defense Counsel]: Your Honor --Your Honor, we object to this portion
of the tape at this time.  We=d
like to take a matter up outside the presence of the jury. 

 

[Trial Court]: All right. 
Earlier you said you had no objection to the tape and it was --

 

[Defense Counsel]: Well, to
this point --

[Trial Court]: And it was admitted based on that.  So you have --now have an objection?

 








[Defense Counsel]: I would
have an objection to this part of the tape as not being the part of the tape
that they predicated to the Court, the jury, and defense, showing them his
immediate bringing to the police station and his attempted field sobriety
tests.  This is the initial part, which
is testimonial in nature.  He=s invoked his Miranda right.  It
is against his Constitutional rights to -- to be heard after he=s invoked Miranda, which he=s done so far.  So it=s a Miranda violation to -- to play this for the jury, or anybody
else.

 . . . .

[Trial
Court]: . . . So you=re
objecting to the part of the tape where they show him using the phone or not
using the phone, right?

 

[Defense
Counsel]: Correct, after he=s already invoked Miranda and
to not talk to the officers anymore.  

 

[Trial
Court]: I=ll
overrule your objection.

 

. . . .

 

[Prosecutor]:
. . . . I can just queue it up so when they come in -- 

 

. . . .

 

[Defense
Counsel]: Well then, Your Honor, we  --
we=d
like them to play the whole tape under the rule of optional completeness,
107.  

 

[Trial
Court]: Y=all
have the opportunity to do that if you want to. 


 

[Defense
Counsel]: Okay.

 

. . . .  

 

[Prosecutor]:
-- do you want the whole tape -- or just play the whole tape now or would you
like to --

 

[Defense
Counsel]: You can pick it back up from where he -- where he invokes Miranda,
and then we=ll
just play it from there.

 








Included in the videotape,
which Corbett had caused to be introduced into evidence, was Corbett=s statement refusing to waive his Miranda rights and his
response to Gray=s question
regarding whether Corbett had consumed any alcohol that evening. 

Corbett argues that Miranda
requires police questioning to cease when a suspect indicates a desire to
consult with an attorney or to remain silent. 
He also asserts that it is error for a trial court to admit videotape
evidence depicting an accused exercising his constitutional rights. 








However in this case, Corbett
himself offered this evidence before the jury. 
When an accused in a criminal case offers before the jury the same
evidence as that to which he later objects, he is in no position to complain on
appeal.  Withers v. State, 642
S.W.2d 486, 487 (Tex. Crim. App. 1982); see also Colburn v. State, 501
S.W.2d 680, 682 (Tex. Crim. App. 1973) (holding appellant could not complain of
the introduction of an index card into evidence when his counsel first offered
the card in evidence).  By entering into
evidence the entire videotape, including the portion taped after Corbett
refused to waive his Miranda rights, Corbett introduced the evidence of
the statements that he made while in custody at the police station.  Thus, he may not now complain on appeal that
the trial court abused its discretion by 
admitting the audio portions of the videotape.  Accordingly, we overrule Corbett=s second and third issues. 

IV.
Conclusion

Having overruled all of
Corbett=s issues, we affirm the judgment of the trial court.

 

BOB MCCOY

JUSTICE

 

PANEL A:   DAUPHINOT, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2005











[1]See Tex. R. App. P. 47.4.





[2]See Miranda v. Arizona, 396
U.S. 868, 90 S. Ct. 140 (1969).





[3]Corbett stated that he would not
submit to a walk-and-turn test, a field sobriety test, and a breath test until
his attorney was present.